IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


FILED
NOV 05 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INDICTMENT |
| Plaintiff, | ) ) ) | 3:25cr555 |
| v. | ) ) | Judge Zouhary |
| | ) | CASE NO. Magistrate Judge Clay |
| DOUGLAS SABA, | ) ) | Title 18, United States Code, Section 1343. |
| Defendant. | ) ) ) | |

## GENERAL ALLEGATIONS

At all times material to this indictment:

1. Defendant DOUGLAS SABA was a salary employee of By-Tor Contracting, LLC ("By-Tor").

2. Defendant resided in the Northern District of Ohio, Western Division.

3. Defendant was married to A.S., who was neither an employee nor sub-contractor for By-Tor.

4. By-Tor was a domestic limited liability company headquartered in Temperance, Michigan, and a licensed contractor in Michigan, Ohio, Indiana, and Pennsylvania.

5. By-Tor was a general construction contractor that worked with companies like Lowe's to perform general contracting and installation projects for Lowe's customers. By-Tor worked with approximately 60 independent sub-contractors. By-Tor paid its sub-contractors as independent contractors who received tax form 1099.

6. BILL Holdings, Inc. ("Bill.com") was a company headquartered in San Jose, California, that offered cloud-based financial software that automated financial processes for small and mid-sized businesses.

ORIGINAL

7. By-Tor utilized Bill.com to automatically pay its sub-contractors.

8. By-Tor's sub-contractors established an online, vendor account with Bill.com, submitted invoices to their Bill.com vendor account for work done for By-Tor, and Bill.com automatically paid the submitted invoices from By-Tor's Genoa Bank account ending in x5909 and By-Tor's PNC Bank account ending in x7609.

9. Genoa Bank was headquartered in Genoa, Ohio, Northern District of Ohio, Western Division.

10. As By-Tor's employee, Defendant was authorized to oversee sub-contractor payments through Bill.com and Defendant maintained control over and access to By-Tor's Bill.com account.

11. Defendant maintained a personal bank account at Chime/Bancorp Bank N.A., account number x8625 (Defendant's "Chime/Bancorp x8625 account").

12. A.S. maintained a personal bank account at Chime/Bancorp Bank N.A., account number x8351 (A.S.'s "Chime/Bancorp x8351 account").

COUNT 1
(Wire Fraud, 18 U.S.C. § 1343)

The Grand Jury charges:

13. The factual allegations of paragraphs 1 through 12 of this indictment are re-alleged and incorporated by reference here.

14. From in or around May of 2023 to in or around April of 2025, in the Northern District of Ohio, Western Division, and elsewhere, Defendant DOUGLAS SABA, knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, including the following:

a. It was part of the scheme and artifice to defraud that Defendant used his position as a By-Tor employee to embezzle company funds for his own personal use.

b. Defendant utilized the false and fraudulent pretense of being a loyal employee to gain By-Tor's trust and to conceal his fraudulent activity from By-Tor.

c. Defendant utilized the false and fraudulent pretense of being an independent sub-contractor for By-Tor, and established an online, vendor account with Bill.com with account name "Doug Saba." The "Doug Saba" vendor account was linked to Defendant's Chime/Bancorp x8625 account.

d. Defendant utilized the false and fraudulent pretense of being an independent sub-contractor for By-Tor, and established an online, vendor account with Bill.com with account name "Douglas Saba." The "Douglas Saba" vendor account was linked to A.S.'s Chime/Bancorp x8351 account.

e. Defendant prepared and submitted false and fraudulent invoices to By-Tor using both the "Doug Saba" and "Douglas Saba" online vendor accounts with Bill.com.

15. For the purpose of executing the ongoing scheme described above, Defendant transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds; specifically, numerous wire transfers from By-Tor's Genoa Bank account to Defendant's personal accounts totaling approximately $328,654.79, including, but not limited to, the specific instances set forth below:

| Bill.com Account | Invoice No. | Invoice Date | Invoice Amt. | Status | From | To |
|---|---|---|---|---|---|---|
| Doug Saba | 1684773414757 | 5/23/2023 | $2,000.00 | Paid | By-Tor's PNC x7609 Acct. | A.S.'s Chime/Bancorp x8351 Acct. |
| Doug Saba | 1720019688922 | 7/3/2024 | $1,500.00 | Paid | By-Tor's PNC x7609 Acct. | A.S.'s Chime/Bancorp x8351 Acct. |

3

| Doug Saba | 1742977575323 | 3/27/2025 | $1,999.00 | Paid | By-Tor's Gen. x5909 Acct. | A.S.'s Chime/Bancorp x8351 Acct. |
| Douglas Saba | 1726055087968 | 9/11/2024 | $2,000.00 | Paid | By-Tor's Gen. x5909 Acct. | Defendant's Chime/Bancorp x8625 Acct. |
| Douglas Saba | 1733936239355 | 12/11/2024 | $5,000.00 | Paid | By-Tor's Gen. x5909 Acct. | Defendant's Chime/Bancorp x8625 Acct. |
| Douglas Saba | 1744791016458 | 4/17/2025 | $2,651.00 | Paid | By-Tor's Gen. x5909 Acct. | Defendant's Chime/Bancorp x8625 Acct. |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE SPECIFICATION

The Grand Jury further charges:

16. The allegations of Counts 1 are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 28 U.S.C. § 2461(c). As a result of the foregoing offenses, Defendant Douglas Saba shall forfeit to the United States all property constituting, or derived from, proceeds traceable to the violation charged in Count 1.

## SUBSTITUTE PROPERTY

If any of the property subject to forfeiture, as a result of any act or omission of Defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.

5